IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAMON ROBERT MARTINEZ, Jr.,<br><br>Defendant. | CR-10-105-BLG-DWM-CSO-1<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis of Recommendation

A petition alleged that Defendant Ramon Robert Martinez, Jr. ("Martinez") violated conditions of his supervised release. After consideration of the required factors, the undersigned recommends that Martinez's supervised release be revoked and he be sentenced to 10 months incarceration with no supervision to follow.

## II. Status

On November 9, 2011, after Martinez pled guilty to receipt of a firearm while under indictment for a felony crime, Judge Shanstrom sentenced him to 15 months in custody followed by 36 months of

supervised release. *ECF 19, 21*. Martinez began his first term of supervised release on November 14, 2011. *ECF 24*.

Martinez's supervised release was revoked on July 17, 2013, after he admitted to using methamphetamine, failing to report fo urinalysis testing, and failing to follow the instructions of or be truthful with his supervising officer. He was sentenced to 6 months custody with 18 months of supervised release to follow. *Id*. Martinez began his second term of supervised release on September 28, 2013. *ECF 34*.

**<u>Petition</u>**

On December 9, 2013, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision alleging Martinez violated:

(1) Standard Condition Number 6 by failing to notify his probation officer of a change in residence – the Petition alleges that, as of its filing, Martinez's whereabouts were unknown and Martinez was considered to have absconded; and

> (2) Standard Condition Number 3 by failing to report to his probation officer as instructed – the Petition alleges that Martinez's phone had been disconnected and that he absconded supervision.

*ECF 34.*

Based on the petition, the undersigned issued a warrant for Martinez's arrest. *ECF 35.* The case was reassigned to the Hon. Donald W. Molloy, U.S. District Judge, and referred to the undersigned for Findings and Recommendations. *Standing Order DLC-10.*

**Initial Appearance**

Martinez was arrested on December 11, 2013. He made an initial appearance before the undersigned on December 12, 2013, in Billings, Montana.

**Revocation Hearing**

On December 18, 2013, the Court conducted a hearing on whether Martinez's supervised release should be revoked. David Merchant represented Martinez. Ed Zink represented the United States. The undersigned explained the Findings and Recommendations procedure

3

to Martinez, including his right to appear and allocute before Judge Molloy and the necessity of properly objecting to the Findings and Recommendations in order to preserve that right.  In addition, Martinez, his counsel, and the Assistant U.S. Attorney executed an Acknowledgment of Rights and Consent, again acknowledging his understanding of the Findings and Recommendations procedure and consenting thereto.  *ECF 42.*

While Martinez admitted both alleged violations, Mr. Merchant argued that Martinez's supervised release should not be revoked.  Mr. Merchant stated that Martinez was previously being supervised in New Mexico and was living with his mother.  Issues developed between Martinez and his mother, and the New Mexico Probation office terminated supervision and Martinez was directed to return to Montana for further supervision.  As directed, Martinez raised money for a bus ticket to Montana, traveled to Billings, and reported to the Montana Rescue Mission (the "Mission").  Mr. Merchant argued that Martinez received permission to leave the Mission on Thanksgiving, the following day, but acknowledged that Martinez failed to return to

the Mission as directed. Mr. Merchant argued that this behavior did not warrant revocation of Martinez's supervised release. Mr. Zink, on behalf of the United States, deferred to the Court's discretion on the matter.

Martinez addressed the Court. As noted in its Order issued December 19, 2013, Martinez stated that his main difficulty has been not having a place to stay at night, and that searching for work and a place to live has consumed his time, making it difficult for him to remain in contact with his supervising officer. In response to direct questioning from the Court, Martinez stated that he has not before had the opportunity to reside in a residential reentry center, and expressed his desire to do so. He urged the Court to allow him to reside in a residential reentry center rather than revoke his release, and assured the Court that such placement would allow him to find a job and start supporting his children.

Based on Martinez's representations, and in spite of the facts that this is his second revocation proceeding and that he admitted to absconding, the Court continued the revocation hearing until January

5

3, 2014, to allow the United States Probation Office time to coordinate a potential placement in a local residential reentry center. The Court also directed that inquiry be made with Martinez's supervising probation officer, Tanya Wilson (who was not present at the hearing due to a family emergency), to determine her recommendations regarding such placement.

Following the hearing, the United States Probation Office informed the Court that when Martinez returned from New Mexico in November 2013, U.S. Probation proposed placement in a residential reentry center and explained the process to Martinez. Martinez then told his probation officer that he would not agree to a modification of his conditions and, for this reason, Martinez was instructed to stay at the Mission. This is contrary to the representations Martinez made to this Court. Because of this development, the Court reset the revocation hearing for December 23, 2013.

Because Mr. Martinez's admitted that he violated his supervised release conditions as charged in the petition, the undersigned determined that his supervised release should be revoked. The

undersigned then proceeded to consider sentencing recommendations. The undersigned calculated that Martinez's violation grade is C, his criminal history category is II, and the underlying offense is a class C felony. Under those circumstances, the maximum sentence is not more than 2 years incarceration, and the United States Sentencing Guidelines call for 4 to 10 months incarceration. Martinez could be sentenced to a term of not more than 3 years of supervised release, less any incarceration time imposed.

AUSA Lori Suek, appearing at the subsequent hearing in place of Mr. Zink for the United States, requested a sentence of 10 months with no supervised release to follow. She noted that this is Martinez's second revocation and that, coupled with Martinez's lack of candor with the Court, compels a sentence of incarceration at the high end of the guidelines.

Mr. Merchant acknowledged Martinez's lack of candor with the Court. He noted, however, that if the Court is inclined to recommend revocation of supervised release, he requests a term of incarceration at the low end of the guideline range – that is, four months. He noted

that, even with Martinez's lack of candor with the Court, he has some positive factors in his favor in Mr. Merchant's view, including that: (1) he has always done what Mr. Merchant has asked during those times when Mr. Merchant was his attorney; (2) he has always been employed or actively seeking employment; (3) he has recently not been committing those crimes for which he previously was notorious, such as crimes in which guns played a role, although he has used methamphetamine; and (4) he has a supportive girlfriend. Mr. Merchant added that he thinks a residential reentry program would be good for Martinez and noted that Martinez has always been honest with him.

    Martinez addressed the Court at some length. He said he had hoped to get placed in a residential reentry program rather than being put back in jail. He said he does not believe that he lied to the Court, but rather believes there was a misunderstanding between him and Ms. Wilson. He said he wants to participate in programming offered through a residential reentry program, such as treatment for substance abuse, so that he can work to improve his life and be a better father to

his children. He begged the Court for another chance and asked the Court to help him do something positive with his life so that he can be there for his children. He noted that, when he has been released from custody in the past, he has always just gone from prison to the streets without any sort of transition or stepping stone to help him.

### III. Analysis

Based on Martinez's admission to the violations of his conditions of supervised release, his supervised release should be revoked.

By his violations, Martinez has not only breached the Court's trust, but also rendered impossible his supervising officer's ability to ensure that Martinez is not a danger to himself or to the community. The Court cannot overlook that this is Martinez's second revocation of supervised release and that his most recent violations have come in close proximity to his most recent release. Martinez repeatedly has been afforded chances to turn his life around and to become a productive member of the community, but has squandered those many opportunities. He has chosen not to take responsibility for his own conduct, and has chosen not to take advantage of the many

9

opportunities he has been given. His history, together with his lack of candor with the Court, renders revocation of his supervised release and the below sentence appropriate.

Martinez should be sentenced to 10 months incarceration with no supervised release to follow. This sentence, at the high end of the guideline range, is warranted by Martinez's repeated failures to comply with this Court's conditions. His criminal history includes patterns of criminal activity that involved drugs, guns, and alcohol. Martinez demonstrates a risk to the safety of the community. Community supervision has proven to be ineffective and a lengthier custody sentence will protect the public. The Court explained to Martinez that, after he has been held accountable for his conduct by this recommended sentence, he will again have the opportunity to conduct his life as he states he wishes – including not being accountable on supervision, working wherever he wishes, and being a good father to his children.

## IV.  Conclusion

The undersigned advised Martinez that the above sentence would be recommended to Judge Molloy, and reminded him that he has the

right to appear and allocute before Judge Molloy. The undersigned instructed Martinez that he may object to these Findings and Recommendations within 14 days of their issuance, and must do so if he wishes to preserve his right to allocute before Judge Molloy.

The Court makes the following **FINDINGS.** Martinez violated:

1. Standard Condition Number 6 by failing to notify the probation officer at least ten days prior to any change in residence and by absconding from supervision; and

2. Standard Condition Number 3 by failing to answer truthfully all inquiries by the probation officer and to follow the probation officer's instructions.

The Court makes the following **RECOMMENDATION:**

1. The District Court should revoke Martinez's supervised release and commit Martinez to the custody of the United States Bureau of Prisons for a term of imprisonment of 10 months with no supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge

will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated this 24th day of December, 2013.

/s/ Carolyn S. Ostby
United States Magistrate Judge